UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| LANCE SPENCER, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | CV419-184 |
| | ) | CR418-171 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Lance Spencer pleaded guilty to one count of possession of a firearm by a prohibited person. Doc. 27.[1] He was sentenced on January 18, 2019 to 120 months of incarceration and three years of supervised release. Doc. 34. His current motion, pursuant to 28 U.S.C. § 2255, seeks to vacate, set aside, or correct his sentence because of the Supreme Court's decision in *Rehaif v. United* States, 588 U.S. ___, 2019. Doc. 35. He also

---

[1] Unless otherwise noted, all citations are to the criminal docket in CR418-171.

filed a motion to amend his petition on June 23, 2020, arguing that his appointed counsel was ineffective in failing to file a motion to suppress the firearms that he alleges were seized during an illegal search of his vehicle. Doc. 37. For the following reasons, preliminary review, pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings, shows that his motion should be **DENIED**.

## ANALYSIS

As an initial matter, defendant's motion to amend, doc. 37, should be denied as untimely. A motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 must be filed within one-year of either:

> (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Judgment was entered against defendant on January 18, 2019. Doc. 34. He did not file an appeal before the deadline to appeal ran on February 1, 2019. Fed. R. App. P. 4(b)(1)(A). He had

one year from that date to file a habeas petition. Thus, while his initial motion to vacate was timely filed on July 29, 2019, his motion to amend, filed nearly a year and a half after judgment was entered, was not.

Nor can he rely on his amendment relating back to his previously filed petition. Under the Federal Rules of Civil Procedure, "[a]n amendment of a pleading relates back to the date of the original pleading when . . . the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."[2] Fed. R. Civ. P. 15(c)(2). In a § 2255 motion, "the untimely claim must have more in common with the timely filed claim than the mere fact that they arose out of the same trial and sentencing proceedings." *Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000). Defendant did not raise an ineffective assistance of counsel claim in his initial application, arguing instead that the Government was obligated under *Rehaif* to prove certain elements of his charge. His amendment, challenging his attorney's alleged

---

[2] Though occupying the interstitial space between civil and criminal proceedings, habeas proceedings are subject to the Federal Rules of Civil Procedure. *See* Rule 12 of the Rules Governing § 2255 Proceedings ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provision of these rules, may be applied to a proceeding under these rules.").

ineffectiveness, does not arise out of the same circumstances as the § 2255 motion. Therefore, defendant's motion to amend should be **DENIED**. Doc. 37.

As to his initial motion, that affords him no relief either. The Court of Appeals for the Eleventh Circuit has already determined that a guilty plea waives any *Rehaif*-based issues. Specifically, the Court explained, that:

> For an indictment to confer subject matter jurisdiction upon a district court, it must allege that a defendant committed one or more "offenses against the laws of the United States." *United States v. Moore*, 954 F.3d 1322, 1333 (11th Cir. 2020) (quotations omitted). Notably, however, "[t]he absence of an element of an offense in an indictment is not tantamount to failing to charge a criminal offense against the United States." *Id.* (emphasis added). A defendant's voluntary guilty plea waives all non-jurisdictional defects in the proceedings against him. *United States v. Brown*, 752 F.3d 1344, 1354 (11th Cir. 2014). A jurisdictional defect, by contrast, may not be waived or procedurally defaulted, so a defendant need not show cause and prejudice to collaterally attack a conviction suffering from a jurisdictional defect. *McCoy*, 266 F.3d at 1248-49.
>
> It is "unlawful for any person" who has been convicted of "a crime punishable by imprisonment for a term exceeding one year" to "possess in or affecting commerce, any firearm or ammunition." 18 U.S.C. § 922(g). Section 924(a)(2) provides

> that any person who "knowingly violates" § 922(g) may be imprisoned for up to ten years. *Id.* § 924(a)(2).
>
> In *Rehaif*, the Supreme Court held that, "in a prosecution under . . . § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200. However, because *Rehaif* "neither stated nor intimated that [§] 922(g) is not a criminal prohibition," and because § 924(a)(2) is a penalty provision and "cannot stand alone as the sole criminal offense," we've rejected the claim that § 924(a)(2) must be included in an indictment to confer jurisdiction on the district court. *Moore*, 954 F.3d at 1337. Thus, as we concluded in *Moore*, neither a criminal indictment's failure to include a mens rea element in charging a defendant of violating 18 U.S.C. § 922(g), nor that indictment's failure to track the language of § 924(a)(2), deprives a district court of jurisdiction to enter a conviction against a defendant. *Id.* at 1336–37.

*Marks v. United States*, 834 F. App'x 568, 569 (11th Cir. 2021). Because a "defendant's voluntary guilty plea waives all non-jurisdictional defects in the proceedings against him," and because a "*Rehaif* error is non-jurisdictional," *Marks*, 834 F. App'x at 569, Spencer's voluntary guilty plea waived any challenged to his indictment. Thus, his motion should be **DENIED**. Doc. 27.

## CONCLUSION

Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1–2 (S.D. Ga. Feb. 9,

2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant") (emphasis added).

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of

rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 6th day of April, 2021.

_____
CHRISTPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA