IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| LANCE SPENCER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CASE NOS. CV419-184 |
| ) | CR418-171 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**O R D E R**

Before the Court is the Magistrate Judge's April 6, 2021, Report and Recommendation (Doc. 4)¹, to which Petitioner has filed an objection (Doc. 8). After a careful de novo review of the record, the report and recommendation is **ADOPTED** as the Court's opinion in this case.

In October 2018, Petitioner pleaded guilty to one count of possession of a firearm by a prohibited person. (CR418-171, Doc. 27.) On July 29, 2019, Petitioner filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence asserting that, in the wake of the Supreme Court's ruling in Rehaif v. United States, -- U.S. --, 139 S. Ct. 2191, 204 L. Ed. 2d 2191 (2019), the Government failed to establish the scienter needed to prove the charged offense. (Doc. 1 at 5.) Almost a year later, on June

---

¹ Unless otherwise stated, all citations are to Petitioner's civil docket on this Court's electronic filing system, CV419-184.

23, 2020, Petitioner filed a motion to amend his motion to vacate to include an additional ground of ineffective assistance of counsel, alleging that his counsel failed to investigate and contest the lack of probable cause for the traffic stop that led to his arrest. (Doc. 3.) In the report and recommendation, the Magistrate Judge recommended that the motion to amend and the motion to vacate be denied. (Doc. 4 at 3-5.)

Petitioner has filed an objection to the report and recommendation. (Doc. 8.) In his objection, Petitioner does not contest the Magistrate Judge's determination that his initial ground for relief based on Rehaif is precluded by his guilty plea. (Doc. 4 at 4-5.) Rather, Petitioner focuses only on the Magistrate Judge's determination that the motion to amend is untimely. (Doc. 8.) Petitioner asserts that his amendment should be deemed to relate back to the initial motion, as both claims are derived from a "common core of operative facts." (Id. at 1-3.)

Motions to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 are subject to a one-year statute of limitations. 28 U.S.C. § 2255(f). At the time of filing, a petitioner is required to "specify all grounds for relief available." 28 U.S.C. § 2255 R. 2(b)(1). This requirement is made known to a petitioner on the form used to submit his motion. (Doc. 1 at 4 ("For this motion, state **every ground** on which you claim that you are being held in violation of the Constitution, laws or treaties of the

2

United States.") (emphasis added)). The deadline for Petitioner to file his § 2255 motion was February 1, 2020, more than five months before the motion to amend was filed. In advance of that deadline, Petitioner had filed only his motion to vacate, which did not include an ineffective assistance of counsel claim.

Petitioner's argument that the amendment relates back to the earlier, timely-filed motion to vacate is flawed as the grounds for relief asserted in the two distinct motions did not "[arise] out of the [same] conduct, transaction, or occurrence." See Fed. R. Civ. P. 15(c)(1)(B). In the context of habeas, the Supreme Court has defined a common "conduct, transaction, or occurrence" to be narrower than simply arising from the same "trial, conviction, or sentence." Mayle v. Felix, 545 U.S. 644, 664, 125 S. Ct. 2562, 2574, 162 L. Ed. 2d 582 (2005). Relation back is only available if the amendment and original motion state claims that are tied to a "common core of operative facts." Id. Petitioner's motion to vacate was premised entirely on the failure of the Court to require the Government to establish the scienter element of his charged offence. (Doc. 1 at 4-7.) Petitioner's motion to amend, however, raised the issue of counsel's alleged failure to investigate and challenge the probable cause of his traffic stop. (Doc. 3.) Despite Petitioner's contention, these issues do not share a "common core of operative facts." Therefore, the motion to amend cannot relate back to the motion to vacate and is untimely.

For the reasons discussed here and in the Magistrate Judge's report and recommendation, Petitioner's objection (Doc. 3) is **OVERRULED**. Accordingly, the report and recommendation (Doc. 4) is **ADOPTED** as the opinion of the Court. As a result, Petitioner's motion to vacate, set aside or correct sentence (Doc. 1) and motion to amend (Doc. 3) are **DENIED**. The Clerk of Court is **DIRECTED** to **CLOSE** this case.

Further, a federal prisoner must obtain a certificate of appealability ("COA") before appealing the denial of his motion to vacate. Applying the COA standards set forth in Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872 at *1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA will issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2255 ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").

SO ORDERED this 7th day of June 2021.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

4